UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| BRETT EHMEN, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:05-CV-562RM |
| | ) | |
| RINKER BOAT COMPANY, INC. | ) | |
| EMPLOYEE GROUP BENEFITS PLAN | ) | |
| (GROUP NUMBER 215), | ) | |
| and CASI, INC., | ) | |
| | ) | |
| Defendants | ) | |

<u>OPINION AND ORDER</u>

CASI, Inc. seeks dismissal of Brett Ehmen's complaint against it for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). For the reasons that follow, the court grants CASI's motion.

Dismissal for failure to state a claim is proper only if it appears beyond doubt that the plaintiff can prove no set of facts consistent with the complaint upon which relief can be granted. <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957); <u>Cler v. Illinois Education Ass'n</u>, 423 F.3d 726, 729 (7th Cir. 2005). A dismissal motion is not the vehicle to test the sufficiency of a plaintiff's case. *See* <u>Gibson v. City of Chicago</u>, 910 F.2d 1510, 1520 (7th Cir. 1990).

Mr. Ehmen's complaint, originally filed in state court against CASI and Rinker Boat Company, sought compensatory and punitive damages under state common law. The suit arises from denial of Mr. Ehmen's claims under his health insurance benefit plan. Contending that §502 of the Employee Retirement Income

Security Act preempts such state law remedies, Rinker and CASI removed the case to this court, then moved to dismiss the complaint. Both original defendants argued that Mr. Ehmen's complaint must be read as asserting a claim for benefits under §502(a)(1)(B) of ERISA, and that claims under that provision for benefits is limited to a suit against the plan itself, which was not a party to the suit.

Mr. Ehmen moved to substitute the Plan (Rinker Boat Company Employee Group Benefits Plan (Group Number 215)) for Rinker as a party defendant, and the court granted that motion on November 29. CASI, the plan administrator, remains as a party. Mr. Ehmen argues that his claim against CASI shouldn't be dismissed because a plan administrator may be personally liable to a plan beneficiary under § 502(c) of ERISA for failure to provide requested information. The court agrees with Mr. Ehmen's principle of law, but his complaint contains no hint of how (or even that) CASI is said to have violated § 502(c). The complaint's only mention of a failure to provide information is in ¶ 13, which alleges that CASI and Rinker (now the Plan) "have offered no good reason" for the denial his claims for coverage.

While complaints need not plead facts or legal theories, Higgs v. Carver, 286 F.3d 437, 439 (7th Cir.2002), they must give notice of the claim being asserted. International Marketing, Ltd. v. Archer-Daniels-Midland Co., Inc., 192 F.3d 724, 733 (7th Cir.1999). Mr. Ehmen's complaint gives no notice of any claim under § 502(c). The only claim suggested by this complaint is one under § 502(a)(1)(B), which can be brought only against the Plan, not the administrator. A plaintiff may

2

hypothesize facts consistent with the complaint to demonstrate the complaint's sufficiency, <u>Brown v. Budz</u>, 398 F.3d 904, 908-909 (7th Cir. 2005), but Mr. Ehmen hasn't done so.

The complaint states no claim upon which relief could be granted with respect to CASI, so the court GRANTS the defendants' motion to dismiss (docket #7) to the extent it is addresses defendant CASI. To the extent the defendants' motion to dismiss addresses defendant Rinker Boat Company, Inc., the motion is DENIED AS MOOT. The case shall proceed with Rinker Boat Company Employee Group Benefits Plan (Group Number 215) as the sole defendant.

SO ORDERED.

ENTERED:   November 30, 2005

/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court

cc:   S. Lennox
      G. Johnson
      M. Bloom